UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JESS R. SMITH,

               Plaintiff,

     v.

B GRONSETH et al.,

               Defendants.

CASE NO. 3:16-CV-05775-BHS-DWC

REPORT AND RECOMMENDATION

NOTED FOR: January 6, 2017

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Plaintiff Jess R. Smith filed a Motion for Temporary Restraining Order and Preliminary Injunction ("Motion") on September 16, 2016, Dkt. 5, and the Motion was re-noted for November 18, 2016, Dkt. 9, Dkt. 20.[1] The Court concludes Plaintiff has failed to show he is likely to succeed on the merits of the underlying claims and fails to show irreparable harm. Accordingly, the Court recommends the Motion be denied.

---

[1] On September 27, 2016, the Court ordered Plaintiff to show cause why the Motion should not be denied as moot because Plaintiff had been transferred to a different facility and re-noted the motion for October 28, 2016. Dkt. 9. On November 7, 2016, the Court directed Defendants to respond to the Motion and re-noted the motion for November 18, 2016. Dkt. 20.

1

2                                    **BACKGROUND**

3          Plaintiff, an inmate currently housed at Washington State Penitentiary ("WSP"), filed a

4   Complaint alleging his constitutional right of access to the courts was violated while he was

5   housed at Stafford Creek Corrections Center ("SCCC"). *See* Dkt. 8. Plaintiff initiated this lawsuit

6   against employees at SCCC and the Department of Corrections ("DOC"). Dkt. 8.

7          Plaintiff requests Defendants be enjoined from denying him access to out-of-state case

8   law. Dkt. 5.[2] Plaintiff also stated he would be transferred to WSP on September 19, 2016 and, on

9   September 22, 2016, the Court received notice that Plaintiff is now housed at WSP. Dkt. 5, ¶ 12;

10  6.

11         On September 27, 2016, the Court ordered Plaintiff to show cause why the Motion should

12  not be denied as moot based on Plaintiff's transfer to a different facility by October 27, 2016.

13  Dkt. 9.  Plaintiff filed a Show Cause Memorandum and Declaration on October 6, 2016. Dkt. 11.

14  Plaintiff states he is being denied legal materials necessary for a November 18, 2016 court

15  deadline because of a Department of Corrections policy in place at all prison facilities. *Id*. On

16  November 10, 2016, Plaintiff filed an Addendum to Show Cause Memorandum, stating his new

17  court deadline is February 2, 2017. Dkt. 22.

18         Defendants appeared in this matter on October 31, 2016. Dkt. 18. The Court ordered a

19  response to Plaintiff's Motion by November 14, 2016. Dkt. 20. On November 10, 2016,

20  Defendants filed a Response to the Motion. Dkts. 21, 24. Plaintiff filed a reply. Dkts. 23, 25.

21  _____

22         [2] The Court notes Plaintiff's Reply also alleges Defendants denied him paper and access to his legal
    documents while housed in WSP's Intensive Management Unit. Dkt. 23. However, because Plaintiff may not raise
23  issues for the first time in a reply, the Court declines to consider the allegations at this time. *see also State of Nev. v.*
    *Watkins,* 914 F.2d 1545, 1560 (9th Cir. 1990) ("[Parties] cannot raise a new issue for the first time in their reply
24  briefs." (citations omitted)); *Cedano–Viera v. Ashcroft,* 324 F.3d 1062, 1066 n. 5 (9th Cir. 2003) ("[W]e decline to
    consider new issues raised for the first time in a reply brief.").

**DISCUSSION**

Under the Prison Litigation Reform Act ("PLRA"),

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A).

The purpose of preliminary injunctive relief is to preserve the status quo or prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). "A plaintiff seeking a preliminary injunction must establish" (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, (2008). The Ninth Circuit also allows for the "serious questions" variation of the test, where "a preliminary injunction is proper if there are serious questions going to the merits; there is a likelihood of irreparable injury to the plaintiff; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

## I.      Success on the Merits

Plaintiff has not shown he is likely to succeed on the merits or shown there are serious questions going to the merits of his underlying claims; therefore, he has failed to meet the first prong of either test.

Plaintiff alleges Defendants violated his First Amendment rights when they denied him access to out-of-state case law. *See* Dkts. 5, 8. Plaintiff alleges he needs out-of-state case law to

1  prepare his writ of certiorari before the United States Supreme Court. *Id.* Prisoners have a

2  constitutional right of access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977);

3  *Lewis v. Casey*, 518 U.S. 343, 346 (1996). However, access does not "guarantee inmates the

4  wherewithal to transform themselves into litigating engines capable of filing everything from

5  shareholder derivative actions to slip-and-fall claims." *See Lewis*, 518 U.S. at 355. It is

6  constrained to direct criminal appeals, habeas corpus proceedings, and § 1983 actions. *Id.*

7  "Impairment of any other litigating capacity is simply one of the incidental (and perfectly

8  constitutional) consequences of conviction and incarceration." *Id.*

9         In this context, prison authorities must assist inmates in the preparation and filing of

10  meaningful legal papers at the initial pleading stage. *Cornett v. Donovan*, 51 F.3d 894 (9th Cir.

11  1995); *Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011). Beyond the initial pleading

12  stage, prison officials are not required to provide affirmative assistance but are forbidden from

13  "erecting barriers that impede the right of access of incarcerated persons." *Silva*, 658 F.3d, at

14  1102. To prevail on an access to courts claim, an inmate must show he or she suffered an actual

15  injury. Actual injury is a jurisdictional requirement that flows from the standing doctrine and

16  may not be waived. *Lewis*, 518 U.S. at 349. Actual injury requires "actual prejudice with

17  respect to contemplated or existing litigation" and was actually denied access to the courts.

18  *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011).

19         Under Supreme Court Rule 10(b):

20         Review on a writ of certiorari is not a matter of right, but of judicial discretion. A
           petition for a writ of certiorari will be granted only for compelling reasons. *The*
21         *following, although neither controlling nor fully measuring the Court's discretion*,
           indicate the character of the reasons the Court considers:
22         . . .
           (b) a state court of last resort has decided an important federal question in a way
23         that conflicts with the decision of another state court of last resort or of a United
           States court of appeals;

24

1      . . .

2 Supreme Court Rule 10 (emphasis added).

3       Here, Plaintiff alleges Defendants violated his First Amendment right to access to the

4 courts when they denied him out-of-state case law. Dkts. 5, 8.  Defendants submit evidence

5 showing Plaintiff has "Priority Access" to the law library at WSP. Dkt. 21, Exhibit 1, Declaration

6 of Shari R. Hall at ¶ 4. Plaintiff is allowed up to ten hours per week on the law library computer

7 and supplies for his litigation. *Id.* at ¶ 6. Plaintiff has access to case law from the United States

8 Supreme Court, United States Courts of Appeal, United States District Courts, Washington courts,

9 United States Code, Revised Code of Washington, practice manuals and court rules. Dkt. 21,

10 Exhibit 2, Declaration of Israel "Roy" Gonzalez at ¶¶ 4-9.

11       The evidence presented by Defendants shows Plaintiff has access to the law library

12 including a wide variety of case law and legal resources. Plaintiff may prefer to receive out-of-

13 state case law, however, Supreme Court Rule 10(b) does not require such citations. *See* Supreme

14 Court Rule 10. Moreover, the provision of federal and Washington state statutes and case law

15 demonstrates the adequacy of the prison law library. *See Bounds,* 430 U.S. at 819 n. 4 (library

16 containing state codes, state and federal case reporters, federal codes, treatises or hornbooks, is

17 constitutionally sufficient). Based on the record before the Court, Plaintiff has not shown any

18 actual injury or that he is likely able to prove a First Amendment violation. *See Lewis*, 518 U.S.

19 at 351.  Therefore, Plaintiff has not shown he is likely to succeed on the merits or shown there

20 are serious questions going to the merits of his underlying claims.

21      **II.**      **Irreparable Harm**

22       Plaintiff also failed to show he will suffer irreparable harm in the absence of a preliminary

23 injunction, and therefore has not met the second prong of either test. "In the context of preliminary

24

injunctive relief, irreparable harm is established when a plaintiff is unlikely to be made whole by an award of monetary damages or some other legal remedy at a later date, in the ordinary course of litigation." *Edge Games, Inc. v. Elec. Arts, Inc.*, 745 F. Supp. 2d 1101, 1117 (N.D. Cal. 2010) (*citing California Pharmacists Ass'n v. Maxwell–Jolly*, 563 F.3d 847, 851–52 (9th Cir.2009)). Plaintiff must demonstrate real and immediate threat of future injury; past injury is largely irrelevant.  *See O'Shea v. Littleton*, 414 U.S. 488, 496 (1974); *Rizzo v. Goode*, 423 U.S. 362, 372 (1976); *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983).

Plaintiff alleges his writ of certiorari will be denied if he does not have access to out-of-state case law. Dkts. 5, 8. However, as stated above, Supreme Court Rule 10 does not require such case law. Moreover, the evidence shows the prison law library contains case law and statutory compilations relevant to plaintiff's claims. *See* Dkt. 21, Exhibits 1, 2. As Plaintiff has not shown he is being denied meaningful access to the courts, he has not shown he will suffer irreparable injury in the absence of preliminary relief.

Because Plaintiff has not shown he is "'likely to suffer irreparable harm in the absence of preliminary relief,' *Winter,* 129 S.Ct. at 374, we need not address the . . . remaining elements of the preliminary injunction standard." *Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1174 (9th Cir. 2011).

## CONCLUSION

As Plaintiff has failed to show he is likely to succeed on the merits and has not shown irreparable harm, the Court recommends the Motion be denied.

 Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those

1  objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time

2  limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on January

3  6, 2017 as noted in the caption.

4       Dated this 14th day of December, 2016.

5

6  David W. Christel
   United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24