# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

JESS R. SMITH,

        Plaintiff,

   v.

B GRONSETH,

        Defendants.

CASE NO. 3:16-CV-05775-BHS-DWC

ORDER

Before the Court are Defendants' Motion for Summary Judgment (Dkt. 30) and Plaintiff's Motion to Stay Defendants' Motion for Summary Judgment Pending Discovery, which the Court interprets as Motion to Continue pursuant to Federal Rule of Civil Procedure 56(d) ("Motion to Continue").[1] Dkt. 33. On February 17, 2017, Plaintiff filed a Notice of Appeal, appealing the Order Denying Plaintiff's Motion for Preliminary Injunction. Dkts. 28, 35.

---

[1] Plaintiff's Motion to Continue (Dkt. 33) was filed on February 3, 2017 and Defendants' Response (Dkt. 36) was filed on February 10, 2017, before Plaintiff filed his Notice of Appeal on February 17, 2017 (Dkt. 37). Plaintiff's Motion to Continue requests a continuance under Federal Rule of Civil Procedure 56(d), which allows a court to deny or defer consideration of a motion for summary judgment where the non-movant shows it cannot present facts essential to justify its opposition. Fed. R. Civ. P. 56(d). Plaintiff contends he is awaiting discovery documents, which are necessary to overcome Defendants' Motion for Summary Judgment. Dkt. 33.

ORDER - 1

On March 10, 2017, the Court directed the parties to show why Defendants' Motion for Summary Judgment should not be stayed, pending the outcome of Plaintiff's appeal of the Order Denying Plaintiff's Motion for Preliminary Injunction. Dkt. 44. Both parties indicate they have no opposition to a stay of Defendants' Motion for Summary Judgment. Dkts. 45, 46.

However, the parties disagree as to the scope of the stay. Plaintiff argues a stay will allow the parties to conduct additional discovery. Dkt. 45. Defendants argue the stay should encompass the entire action, rather than just the Motion for Summary Judgment. Dkt. 46 Defendants reiterate their opposition to Plaintiff's Motion to Stay (Dkt. 33), which seeks a continuance pursuant to Federal Rule of Procedure 56(d), and argue no additional discovery is necessary. Dkt. 46.

While the filing of an interlocutory appeal does not automatically stay proceedings in the district court, the district court has broad discretion to decide whether a stay is appropriate to "promote economy of time and effort for itself, for counsel, and for litigants." *Filtrol Corp. v. Kelleher,* 467 F.2d 242, 244 (9th Cir. 1972) (quotations and citations omitted). *Clinton v. Jones,* 520 U.S. 681, 706–07 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Mediterranean Enterprises, Inc. v. Ssangyong Corp.,* 708 F.2d 1458, 1465 (9th Cir. 1983); *Leyva v. Certified Grocers of California Ltd.,* 593 F.2d 857, 863–64 (9th Cir.1979); *Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1094 (E.D. Cal. 2008); *Jenkins v. Vail,* 2009 WL 3415902, at *1 (E.D. Wash. Oct. 21, 2009) (staying motion for summary judgment pending Court of Appeals ruling on order denying motion for temporary restraining order).

Here, several of the arguments raised in Defendants Motion for Summary Judgment and Plaintiff's Motion to Continue are addressed by the Court in its Order Denying Plaintiff's Motion for Preliminary Injunction. Because the Ninth Circuit's ruling on the interlocutory appeal could impact the Court's disposition of the pending proceedings, waiting until the issues on appeal are decided will avoid unnecessary litigation and provide direction to this Court. *See Jenkins,* 2009 WL 3415902 at 1. Thus, the Court finds a stay of the entire matter, including discovery, pending the Ninth Circuit's decision on appeal will serve the interests of fairness and "promote economy of time and effort" for the Court and the parties. *Kelleher,* 467 F.2d at 244.

Accordingly, the Court orders this entire matter be stayed, pending resolution of Plaintiff's appeal, currently before the Ninth Circuit. The noting date on Defendants' Motion for Summary Judgment (Dkt. 30) and Plaintiff's Motion to Continue (Dkt. 33) is stricken. Within thirty days of the Ninth Circuit's resolution of the appeal, the parties shall file a joint status report, informing the Court of the status of this matter.

Dated this 11th day of April, 2017.

David W. Christel
United States Magistrate Judge