UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JESS R. SMITH,

        Plaintiff,

   v.

B GRONSETH, Y STUBBS, S FRAKES, M OBENLAND, ROY GONZALEZ, M HOLTHE, WASHINGTON DEPARTMENT OF CORRECTIONS,

        Defendants.

CASE NO. 3:16-CV-05775-BHS-DWC

ORDER GRANTING MOTION TO AMEND

The District Court has referred this 42 U.S.C. § 1983 action filed by Plaintiff Jess R. Smith to United States Magistrate Judge David W. Christel. Presently before the Court is Plaintiff's Motion to Amend ("Motion"), in which he seeks to amend his original Complaint.[1] Dkt. 60.

---

[1] Defendants' Motion for Summary Judgment is also pending in this action. Dkt. 30. The Court will address the Motion for Summary Judgment in a separately filed Report and Recommendation.

ORDER GRANTING MOTION TO AMEND - 1

The Court concludes the interests of justice require giving leave to amend. Accordingly, Plaintiff's Motion is granted.

**BACKGROUND**

In the Complaint, Plaintiff – an inmate currently housed at Washington State Penitentiary ("WSP") – alleges Defendants violated his constitutional rights while he was housed at Clallam Bay Corrections Center ("CBCC"). *See* Dkt. 8. Plaintiff's claims arise from a Washington State Department of Corrections ("DOC") policy that Plaintiff alleges does not allow him access to out-of-state case law. *See id.*

Plaintiff initiated this lawsuit on September 9, 2016. Dkt. 1. On November 23, 2016, Defendants filed an Answer and the Court entered Pretrial Scheduling Order, directing the parties to complete discovery by May 23, 2017, and file dispositive motions by June 22, 2017. *See* Dkt. 26, 27. On September 16, 2016, Plaintiff filed a Motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction against Defendants. Dkt. 5.

Meanwhile, on January 24, 2017, Defendants filed a Motion for Summary Judgment. Dkt. 30. Plaintiff filed a Response to Defendants' Motion for Summary Judgment on February 17, 2017, and on February 27, 2017, Defendants filed a Reply. Dkt. 38, 42.

On February 8, 2017, the Court entered an Order denying Plaintiff's Motion for a TRO and Preliminary Injunction. Dkt. 35. Plaintiff appealed this Order to the Ninth Circuit Court of Appeals. Dkt. 37. Therefore, on April 11, 2017, this Court stayed Plaintiff's case pending resolution Plaintiff's appeal. Dkt. 47. On January 12, 2018, the Court lifted the stay because the appeal had been resolved.[2] Dkt. 53.

---

[2] The Court allowed Plaintiff to file a supplemental response to the Motion for Summary Judgment by April 16, 2018, and Defendant to file a supplemental reply by April 20, 2018. Dkt. 53, 55. Neither party provided supplemental briefing to the Motion for Summary Judgment. *See generally* Dkt.

On January 17, 2018, Plaintiff filed his first Motion to Amend the Complaint. Dkt. 57. The Court denied Plaintiff's first Motion to Amend without prejudice on February 16, 2018 because Plaintiff failed to attach a proposed amended complaint to that motion. Dkt 59.

On March 21, 2018, Plaintiff filed the present Motion, this time attaching the proposed amended complaint. *See* Dkt. 60. Defendants filed a Response to this Motion on March 30, 2018, requesting the Motion be denied because Plaintiff's proposed amendments would be futile and prejudice Defendants. Dkt. 61.

**DISCUSSION**

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

(1) *Amending as a Matter of Course*
A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or
(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) *Other Amendments*
In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Defendants filed an Answer on November 23, 2016. Dkt. 26. Thus, the time has expired for filing an amendment as a matter of course and Plaintiff cannot amend pursuant to Rule 15(a)(1). Further, Defendants have not provided written consent allowing Plaintiff to amend. *See* Dkt. 61. As such, to amend the Complaint, Plaintiff must have the Court's leave. *See* Fed. R. Civ. P. 15(a)(2).

Plaintiff's Motion primarily seeks to amend his Complaint by adding facts he obtained during Discovery. Dkt. 60, pp. 1-2. Specifically, Plaintiff's proposed amended complaint incorporates emails exchanged between DOC officials and employees regarding the DOC policy

at issue. *See* Dkt. 60-1, pp. 10-24. Plaintiff's proposed amended complaint also alleges additional facts for the element of "actual injury" for his access to courts claim. *Id.* at 24-28. Plaintiff's proposed amended complaint does not seek to include additional claims or parties. *Compare* Dkt. 8 (Complaint) *with* Dkt. 60-1, pp. 1-35 (proposed amended complaint).

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 464 F.3d 946, 951 (9th Cir. 2006) (quoting *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)). "In determining whether leave to amend is appropriate, the district court considers 'the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)).

In this case, while undue delay suggests denying the Motion, the remaining factors weigh in favor of granting the Motion. First, regarding undue delay, Plaintiff filed the present Motion 18 months after he initiated this lawsuit, 15 months after Defendants filed the Answer, and nearly 14 months after Defendants filed a Motion for Summary Judgment. *See* Dkt. 1, 26, 30, 60. This timing supports a finding of undue delay. *See Waters v. Weyerhaeuser Mortg. Co.*, 582 F.2d 503, 507 (9th Cir. 1978).

Furthermore, filing a Motion to Amend filed after a "pending summary judgment motion had been fully briefed, weighs heavily against allowing leave." *Schlacter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991) (abrogated on other grounds by *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683 (9th Cir. 2001)). Here, Plaintiff's proposed amended complaint came over one-year after Defendants filed the pending Motion for Summary Judgment. *See* Dkt. 30, 60. This, too, supports a finding of undue delay. *See id.*

Nonetheless, undue delay by itself "is insufficient to justify denying a motion to amend." *Bowles*, 198 F.3d at 758; *see also United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981). Therefore, the Court cannot deny the Motion unless it also finds futility, bad faith, or prejudice to Defendants. *Bowles*, 198 F.3d at 758.

Second, "[f]utility alone can justify the denial of a motion to amend." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). A proposed amended complaint is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Missouri ex rel. Koster v. Harris*, 847 F.3 646, 656 (9th Cir. 2017) (citation and internal quotation marks omitted). Here, Defendants maintain granting the Motion would be futile because the Court "already ruled that out-of-state case law is not a prerequisite for a constitutionally sufficient law library." Dkt. 61, p. 3. Contrary to Defendants' assertion, the Court did not rule that prisons never need to provide out-of-state case law; instead, the Court ruled that based on the record before it, Plaintiff had not shown actual injury sufficient for a TRO. Dkt. 28, p. 5; Dkt. 35, p. 2. In other words, while the Court determined Plaintiff was *unlikely* to succeed on the merits of his claims, the Court not determine he *would not* succeed. *See* Dkt. 28, p.2; Dkt. 35, p. 2.

In addition, Plaintiff's proposed amended complaint seeks to add facts supporting his actual injury. Dkt. 60-1, pp. 24-29. Specifically, Plaintiff seeks to include facts about his unsuccessful appeals in the Washington appellate courts and how these courts consider out-of-state case law. *Id.* at 24-27. Because it is not clear these amended allegations would not constitute a valid and sufficient claim, the proposed amended complaint is not futile.

Third, prejudice to the opposing party is typically found where the amended complaint includes new claims or parties and requires reopening discovery. *See, e.g.*, *Lockheed Martin*

*Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 985-86 (9th Cir. 1999); *Solomon v. North Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998). In this case, Defendants contend they would be prejudiced if the Court granted the Motion because they filed the Motion for Summary Judgment over one year ago. Dkt. 61, p. 3. However, delay of proceedings alone is insufficient to show prejudice. *See Stewart v. Kroeker*, 2005 WL 2207043, at *3 (W.D. Wash. Aug. 29, 2005) ("[t]rial continuances are common and do not place defendants at an unfair disadvantage"). Moreover, Plaintiff's proposed amended complaint does not seek to add new claims or parties. Therefore, the parties should not need to undertake additional discovery. Accordingly, the Court finds Defendants are not unfairly prejudiced by allowing Plaintiff to amend his Amended Complaint at this time.

Finally, Defendants do not argue Plaintiff seeks to amend the Complaint in bad faith, nor do any facts surrounding the Motion suggest Plaintiff made the Motion in bad faith. Thus, the lack of bad faith weighs in favor of granting the Motion.

**CONCLUSION**

The Court finds Plaintiff's Motion was unduly delayed; however, Defendants will not be unfairly prejudiced by allowing Plaintiff to amend. The Court also does not find Plaintiff's proposed amended complaint is futile. As such, the Court finds the interests of justice require giving Plaintiff leave to amend.

Accordingly, Plaintiff's Motion is granted. Plaintiff's proposed amended complaint, attached to his Motion, is hereby deemed filed as Plaintiff's Amended Complaint. *See* Dkt. 60-1, pp. 1-35.

The Court directs the following:

- Defendants are directed to file an Amended Answer or other responsive pleadings by May 8, 2018, in accordance with Federal Rule of Civil Procedure 15(a)(3).
- Both Plaintiff and Defendants are directed to provide the Court with a proposed deadline for dispositive motions.

Because the Amended Complaint does not include additional claims or parties, the Court declines to re-open discovery at this time.

Further, the Clerk is directed to separately docket Plaintiff's proposed amended complaint (Dkt. 60-1, pp. 1-35) as Plaintiff's Amended Complaint. The Clerk is also directed to docket the exhibits attached to the proposed amended complaint as exhibits attached to the Amended Complaint

Dated this 24th day of April, 2018.

David W. Christel
United States Magistrate Judge