UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JESS R. SMITH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>B GRONSETH, Y STUBBS, S FRAKES, M OBENLAND, ROY GONZALEZ, M HOLTHE, WASHINGTON DEPARTMENT OF CORRECTIONS,<br><br>　　　　　Defendants. | CASE NO. 3:16-CV-05775-BHS-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: May 11, 2018 |

The District Court has referred this 42 U.S.C. § 1983 action filed by Plaintiff Jess R. Smith to United States Magistrate Judge David W. Christel. Presently before the Court is Defendants' Motion for Summary Judgment ("Motion"). Dkt. 30.

Plaintiff initiated this action on September 9, 2016. Dkt. 1. On September 16, 2016, Plaintiff filed a Motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction against Defendants. Dkt. 5.

REPORT AND RECOMMENDATION - 1

1    The Court entered an Order denying Plaintiff's TRO and Preliminary Injunction on

2 February 8, 2017. Dkt. 35. Plaintiff appealed this Order to the Ninth Circuit Court of Appeals.

3 Dkt. 37. Therefore, on April 11, 2017, this Court stayed Plaintiff's case pending resolution

4 Plaintiff's appeal. Dkt. 47.

5    Meanwhile, on January 24, 2017, Defendants filed the Motion asserting Plaintiff's

6 Complaint (Dkt. 8) should be dismissed as there are no genuine issues of material fact in this

7 action and Plaintiff's claims fail as a matter of law. Dkt. 30. On February 17, 2017, Plaintiff filed

8 a Response to the Motion. Dkt. 38. Defendants filed a Reply to the Motion on February 27, 2017.

9    On January 12, 2018, the Court lifted the stay in this case because the TRO appeal had

10 been resolved at the Ninth Circuit. Dkt. 53. The Court thereafter allowed Plaintiff to file a

11 supplemental response by April 16, 2017, and Defendants to file a supplemental reply by April

12 20, 2018. Dkt. 55. As such, the Motion is currently noted for consideration beginning April 20,

13 2018. *See* Dkt. 30, 55.

14    Additionally, on March 21, 2018, Plaintiff moved to amend the Complaint. Dkt. 60. The

15 Court reviewed the Motion to Amend and found the interest of justice required allowing Plaintiff

16 to file an amended complaint. Dkt. 62. On April 24, 2018, Plaintiff's Amended Complaint was

17 docketed. Dkt. 63.

18    An amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d

19 1258, 1262 (9th Cir. 1992). The original complaint is "treated thereafter as non-existent." *Loux v.*

20 *Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) *overruled on other grounds by Lacey v. Maricopa County*,

21 693 F.3d 896 (9th Cir. 2012). Hence, Defendants' Motion here attacks the Complaint, which is

22 now "non-existent." Further, the Amended Complaint includes additional facts relating to his

23

24

claims against Defendants. *See* Dkt. 63. Therefore, Defendants will be required to respond to the Amended Complaint.

Accordingly, the undersigned recommends denying Defendants' Motion as moot, but allowing Defendants to re-file a motion for summary judgment based on the allegations contained in the Amended Complaint. *See* Dkt. 63. *See Bacon v. Reyes*, 2013 WL 3893254 (D. Nev. July 26, 2013) (denying motion for summary judgment as moot based on the filing of an amended complaint); *Nelson v. City of Los Angeles*, 2015 WL 1931714, *22 (C.D. Cal. Apr. 28, 2015) (recommending summary judgment motions be denied without prejudice to their reassertion after the plaintiff was given leave to amend because the motions for summary judgment were based on the original complaint); *Farkas v. Gedney*, 2014 WL 5782788, *3 (D. Nev. Nov. 6, 2014) ("[B]ecause granting [plaintiff's] motion for leave to amend will alter the scope of defendants' now-filed motion for summary judgment, defendants' motion for summary judgment is denied without prejudice, subject to re-filing based on the scope of the soon-to-be amended complaint.").

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on May 11, 2018, as noted in the caption.

Dated this 24th day of April, 2018.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3