UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JESS R. SMITH,

    Plaintiff,

v.

BARBARA GRONSETH, Y STUBBS, S FRAKES, M OBENLAND, ROY GONZALEZ, M HOLTHE, WASHINGTON DEPARTMENT OF CORRECTIONS,

    Defendants.

CASE NO. 3:16-CV-05775-BHS-DWC

ORDER

The District Court has referred this 42 U.S.C. § 1983 action filed by Plaintiff Jess R. Smith to United States Magistrate Judge David W. Christel. Presently before the Court is Plaintiff Jess. R. Smith's "Motion to Reopen Discovery" ("Motion"). Dkt. 65.[1]

The Court concludes Plaintiff has not shown good cause or excusable neglect for the untimely discovery requests. Accordingly, Plaintiff's Motion is denied. Further, in light of "Defendants' Answer to Plaintiff's Amended Civil Rights Complaint" (Dkt. 66), the Court amends the Pretrial Scheduling Order (Dkt. 27).

---

[1] In the Motion, Plaintiff also requests injunctive relief related to a separate issue. Dkt. 65, pp. 4-5. The Court will address the request for injunctive relief in a separate Report and Recommendation.

### I. Motion to Reopen Discovery

In the Motion, Plaintiff requests additional time to conduct discovery. Dkt. 65. Pursuant to Federal Rules of Civil Procedure 6(b) and 16(b), the Court may extend a deadline for good cause. However, if a motion for an extension is made *after* a deadline, the Court may not extend time absent a showing of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B).

Discovery began in this case on November 23, 2016. Dkt. 27. On April 11, 2017, the Court stayed this case pending resolution of Plaintiff's interlocutory appeal to the Ninth Circuit. Dkt. 47. On January 12, 2018, because Plaintiff's appeal had resolved, the Court issued an Order lifting the stay and amending the briefing schedule to allow the parties to file supplemental briefs to Defendants' then-pending Motion for Summary Judgment. *See* Dkt. 53, 55. The Order allowed Plaintiff to file a supplemental response on or before April 16, 2018, and allowed Defendants to file an optional supplemental reply on or before April 20, 2018. Dkt. 55, p. 2. Therefore, Defendants' Motion for Summary Judgment was due to come ready for the Court's consideration on April 20, 2018. *Id.*; *see also* Dkt. 53.

Meanwhile, on January 19, 2018, because the stay had been lifted, Defendants' attorney responded to discovery requests Plaintiff had sent him prior to the stay being issued. Dkt. 67, Pavela Dec., ¶ 11. Defendants' attorney received additional discovery requests from Plaintiff on April 11, 2018. *Id.* at ¶ 12. Defendants' attorney returned the discovery requests to Plaintiff unanswered, contending the requests were untimely. *Id.* at ¶ 13; *see also* Dkt. 65, p. 6.

The Federal Rules of Civil Procedure require parties to respond to interrogatories and requests for production within thirty days after being served with them. Fed. R. Civ. P. 33(b), 34(b). Thus, given the time limits set forth in the Federal Rules of Civil Procedure, and that

Defendants' Motion for Summary Judgment was due to come ready on April 20, 2018, Plaintiff had between January 12, 2018 and March 21, 2018, to serve Defendants with discovery requests.

On April 30, 2018, Plaintiff signed, effectively filing, the present Motion. Dkt. 65. Accordingly, Plaintiff's Motion is untimely and the Court may not grant the Motion unless Plaintiff shows excusable neglect. Fed. R. Civ. P. 6(b)(1)(B).

Plaintiff asserts he should be granted additional time to conduct discovery because the discovery he was given after the stay was lifted provided "newly discovered facts" and resulted in his further discovery requests. Dkt. 65, pp. 5-6. However, the record reflects Defendants most recently sent Plaintiff discovery on January 19, 2018 – nearly three months before Plaintiff's next discovery requests in April 2018. *See id.* at 2-3, 5-6, 9; Dkt. 67, Pavela Dec., ¶¶ 11-12. Further, although Plaintiff asserts Defendants sent him discovery "out of order" and in small font, the record demonstrates the discovery was not so indecipherable as to warrant a nearly three-month delay between Plaintiff's receipt of this discovery and his next discovery requests. Dkt. 65, p. 3; *see also* Dkt. 60-2, pp. 4-17. The Court also notes Plaintiff had more than four months prior to the stay being issued to conduct discovery. *See* Dkt. 27, 47. Therefore, Plaintiff has failed to show either good cause or excusable neglect.

For the above stated reasons, the Court finds Plaintiff has not shown good cause or excusable neglect sufficient to reopen the time to conduct discovery. Accordingly, the Motion (Dkt. 65) is denied.

**II.     Pretrial Scheduling Order Amendment**

On April 24, 2018, the Court issued an Order granting Plaintiff's Motion to Amend. Dkt. 62. In light of "Defendants' Answer to Plaintiff's Amended Civil Rights Complaint" (Dkt. 66),

the Court amends the Pretrial Scheduling Order (Dkt. 27) as follows:

- Dispositive motions are due on or before July 9, 2018.

This amendment to the scheduling order does not reopen discovery.

Dated this 7th day of June, 2018.

                                          David W. Christel
United States Magistrate Judge