UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JESS R. SMITH, | CASE NO. 3:16-CV-05775-BHS-DWC |
| Plaintiff, | REPORT AND RECOMMENDATION |
| v. | Noting Date: June 22, 2018 |
| BARBARA GRONSETH, Y STUBBS, S FRAKES, M OBENLAND, ROY GONZALEZ, M HOLTHE, WASHINGTON DEPARTMENT OF CORRECTIONS, | |
| Defendants. | |

The District Court has referred this 42 U.S.C. § 1983 action filed by Plaintiff Jess R. Smith to United States Magistrate Judge David W. Christel. Presently before the Court is Plaintiff Jess. R. Smith's "Motion to Reopen Discovery," wherein he requests injunctive relief ("Motion"). *See* Dkt. 65, pp. 3-5.

The Court concludes Plaintiff is seeking injunctive relief on matters unrelated to the claims in the underlying action. Accordingly, the Court recommends the Motion be denied.

REPORT AND RECOMMENDATION - 1

# BACKGROUND

Plaintiff, who is currently housed at Washington State Penitentiary, alleges Defendants violated his constitutional rights while he was housed at Clallam Bay Corrections Center ("CBCC"). *See* Dkt. 63. Specifically, Plaintiff alleges Defendants violated his constitutional rights to access courts in relation to a Washington State Department of Corrections ("DOC") policy that Plaintiff maintains prohibits him from accessing to out-of-state case law. *See id.*

On March 21, 2018, Plaintiff filed a "Motion to Amend," seeking to amend his Complaint. Dkt. 60. Defendants filed a Response to the Motion to Amend on March 30, 2018. Dkt. 61. The Court issued an Order granting Plaintiff's Motion to Amend on April 24, 2018. Dkt. 62.

On May 2, 2018, Plaintiff filed the present Motion. Dkt. 65. Within that Motion, Plaintiff asserted he was not served with, and did not know of, Defendants' Response to the Motion to Amend until the Court issued the Order granting Plaintiff's Motion to Amend. *Id.* at 3-4. Therefore, Plaintiff now "moves the Court to Order the Defendants to deliver e-filed legal pleadings as legal mail to [Plaintiff] to avoid future prejudice." *Id.* at 5. Plaintiff also requests the Court issue "any other sanction the Court finds necessary" due to Defendants "abuse of the e-filing system." *Id.*

On May 10, 2018, Defendants filed a Response opposing the Motion. Dkt. 68. Plaintiff has not filed a reply.

# DISCUSSION

Under the Prison Litigation Reform Act ("PLRA"),

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any

adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A).

The purpose of preliminary injunctive relief is to preserve the status quo or prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). "A plaintiff seeking a preliminary injunction must establish" (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, (2008). The Ninth Circuit also allows for the "serious questions" variation of the test, where "a preliminary injunction is proper if there are serious questions going to the merits; there is a likelihood of irreparable injury to the plaintiff; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

In a preliminary injunction, it is appropriate to grant "intermediate relief of the same character as that which may be granted finally." *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945); *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997). However, a court should not issue an injunction when the relief sought is not of the same character and the injunction deals with a matter lying wholly outside the issues in the underlying action. *De Beers Consol. Mines,* 325 U.S. at 220.

Here, the claims in the Amended Complaint wholly relate to Plaintiff's alleged inability to access out-of-state case law. *See* Dkt. 63. By contrast, in the Motion, Plaintiff requests relief ordering Defendants to deliver e-filed pleadings to him as legal mail. Dkt. 65, pp. 3-5. The

conduct in the Motion allegedly occurred more than eighteen months after Plaintiff initiated this lawsuit and does not relate to his inability to access to out-of-state case law. *See* Dkt. 1, 61.

For these reasons, the Court finds the allegations and preliminary injunctive relief requested in the Motion are wholly unrelated to the claims alleged in the Amended Complaint. Therefore, the Court cannot issue the injunctive relief requested. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

## CONCLUSION

Plaintiff's Motion is not based upon the claims pled in the Amended Complaint. Accordingly, the Court recommends the Motion be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on June 22, 2018, as noted in the caption.

Dated this 7th day of June, 2018.

David W. Christel
United States Magistrate Judge