UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JESS R. SMITH, <br><br> Plaintiff, <br><br> v. <br><br> BARBARA GRONSETH, et al., <br><br> Defendants. | CASE NO. C16-5775 BHS-DWC <br><br> ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge (Dkt. 71), Judge Christel's order denying Plaintiff Jess Smith's ("Smith") motion to reopen discovery (Dkt. 70), and Smith's objections to the R&R and the order (Dkts. 73, 74).

On June 7, 2018, Judge Christel denied Smith's motion because Smith failed to show good cause to amend the scheduling order to reopen discovery. Dkt. 70. Judge Christel also issued the R&R recommending that the Court deny Smith's motion for injunctive relief because it seeks preliminary relief on issues outside of the complaint. Dkt. 71. On June 11, Smith filed objections to both. Dkts. 73, 74.

Regarding nondispositive matters, the district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.  Fed. R. Civ. P. 72

Regarding dispositive matters, the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.  Fed. R. Civ. P. 72(b)(3).

In this case, Smith has failed to identify any error in Judge Christel's rulings. First, Smith has failed to show that Judge Christel's finding that there was not good cause to reopen discovery is clearly erroneous or contrary to law.  Smith had over four months before the stay was imposed and three months after the stay was lifted to conduct discovery.  Smith has failed to show why this was insufficient time to conduct discovery. Therefore, the Court denies Smith's objections to Judge Christel's order.

Second, the Court agrees with Judge Christel that injunctive relief requiring Defendants to serve him by regular mail instead of by electronic notice is outside the scope of his complaint.  While the Court is concerned that Smith is not receiving Defendants' responses, it seems that Smith is receiving Court orders as well as Defendants' motion to summary judgment because he has responded to these items.  If Smith fails to receive documents in the future, then he may file a motion for reconsideration identifying the specific due process violation and resulting prejudice. However, at this time, Smith's requested injunctive relief is beyond the scope of his complaint.

1 | Therefore, the Court having considered the order, the R&R, Smith's objections,

2 | and the remaining record, does hereby find and order as follows:

3 |   (1) Smith's objections are **OVERRULED**;

4 |   (2) The R&R is **ADOPTED**; and

5 |   (3) The matter is re-reffered for further proceedings.

6 | Dated this 26th day of July, 2018.

7

8 |            BENJAMIN H. SETTLE
9 |            United States District Judge