UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JESS R. SMITH,

           Plaintiff,

   v.

BARBARA GRONSETH, YVETTE STUBBS, S FRAKES, MICHAEL OBENLAND, ROY GONZALEZ, M HOLTHE, WASHINGTON DEPARTMENT OF CORRECTIONS,

           Defendants.

CASE NO. 3:16-CV-05775-BHS-DWC

REPORT AND RECOMMENDATION

Noting Date: August 31, 2018

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Plaintiff Jess R. Smith, proceeding *pro se* and *in forma pauperis*, initiated this civil rights action on September 9, 2016. Presently pending before the Court is Defendants' Motion for Summary Judgment ("Motion"). Dkt. 75.[1]

---

[1] The Motion was filed on behalf of all Defendants: Barbara Gronseth, Yvette Stubbs, Scott Frakes, Michael Obenland, Roy Gonzalez, Michael Holthe, and the Washington Department of Corrections. Dkt. 75.

REPORT AND RECOMMENDATION - 1

After reviewing the relevant record, the Court concludes Plaintiff failed to sufficiently rebut Defendants' summary judgment showing regarding Plaintiff's access to courts claim. As the Court finds Plaintiff's federal claim should not continue in this action, the Court finds supplemental jurisdiction should not be exercised over Plaintiff's state law claims. The Court therefore recommends Defendants' Motion (Dkt. 75) be granted and this case closed.

**I.     Background**

Plaintiff, an inmate currently housed at Washington State Penitentiary, alleges Defendants violated his First Amendment right to access courts when he was incarcerated at Clallam Bay Corrections Center ("CBCC"). Dkt. 63. Plaintiff specifically alleges Defendants violated this right due to his inability to access to state court decisions from states other than Washington ("out-of-state case law"). *Id.* Further, Plaintiff alleges Defendants violated his rights under the Washington State Constitution and committed negligence against him. *Id.*

On April 24, 2018, the Court granted Plaintiff's Motion to Amend. Dkt. 62. In the "Amended Verified Civil Rights Complaint" ("Amended Complaint") – the current operative complaint – Plaintiff named Washington Department of Corrections ("DOC") employees Barbara Gronseth, Yvette Stubbs, Scott Frakes, Michael Obenland, and Roy Gonzalez as defendants. Dkt. 63. In the initial Complaint, Plaintiff also named the DOC and DOC employee Michael Holthe as defendants. Dkt. 8.

Defendants filed the Motion on July 3, 2018. Dkt. 75. Plaintiff filed a Response to the Motion on July 9, 2018. Dkt. 77. Defendants filed a Reply on July 26, 2018. Dkt. 79.

**II.     Standard of Review**

Summary judgment is proper only if the pleadings, discovery, and disclosure materials on file, and any affidavits, show that there is no genuine dispute as to any material fact and that the

movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"); *see also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

### III.   Discussion

Defendants move for summary judgment on all of Plaintiff's claims. Dkt. 75.

#### A.   *Voluntary Dismissal*

As an initial matter, the Court notes that although Plaintiff named the DOC and Mr. Holthe as defendants in the initial Complaint, he does not name them as defendants in the Amended Complaint.[2] *Compare* Dkt. 8, p. 1 (initial Complaint listing defendants) *with* Dkt. 63, pp. 2-4 (Amended Complaint listing defendants). Accordingly, and given that these two defendants moved for summary judgment in the present Motion, the Court recommends

---

[2] Similarly, Plaintiff's initial Complaint alleged claims that were not alleged in the Amended Complaint, such as alleged due process and equal protection violations. *Compare* Dkt. 8, ¶¶ 30-31 *with* Dkt. 63, ¶¶ 46-48. Because these claims are not alleged in the current operative complaint, the Court need not assess these claims. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012) (when an amended complaint is filed, the original complaint is "treated thereafter as non-existent").

Defendants DOC and Holthe be dismissed from this action. *See* Fed. R. Civ. P. 41(a) (once defendant has responded to the complaint, the action may only be dismissed by stipulation of dismissal signed by all parties who have appeared or "by court order, on terms that the court considers proper").[3]

B. *Access to Courts*

On Plaintiff's access to courts claim, Defendants argue the Court should grant the Motion because Plaintiff did not suffer any actual injury. Dkt. 75, pp. 4-7. Plaintiff, on the other hand, maintains the Court should deny the Motion because he suffered actual injury due to the denials of his petition for writ of certiorari ("petition for writ") in the United States Supreme Court ("Supreme Court"), and personal restraint petition ("PRP") in the Washington Court of Appeals ("state court of appeals") and Washington Supreme Court ("state supreme court"). Dkt. 77, pp. 14-19.

1. Legal Standard

Prisoners have a "fundamental constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). Traditionally, courts have "differentiated between two types of access to court claims: those involving prisoners' right to affirmative *assistance* and those involving prisoners' rights to litigate without active *interference*." *Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011) (emphasis in original), *overruled on other grounds as stated by Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015). The right to assistance imposes an affirmative duty on prison officials to assist inmates in preparing and filing legal papers, either by establishing an adequate law library or by providing adequate assistance from persons trained

---

[3] Because Plaintiff did not name Defendant Holthe in the Amended Complaint, the Clerk terminated this defendant. *See* Docket. However, as he filed an Answer, the Court finds court-ordered dismissal is appropriate. *See* Fed. R. Civ. P. 41(a).

in the law. *Bounds*, 430 U.S. at 828. The right to assistance applies "only during the pleading stage of a habeas or civil rights action." *Cornett v. Donovan*, 51 F.3d 894, 898 (9th Cir. 1995); *see also Silva*, 658 F.3d at 1102 (citing *Lewis v. Casey*, 518 U.S. 343, 355, 384 (1996)).

By contrast, a prisoner's right to litigate without active interference applies "beyond the pleading stages" of a case and to all "claims that have a reasonable basis in law or fact." *Silva*, 658 F.3d at 1103 (citations and internal quotations omitted). This right prohibits prison officials from erecting barriers which "impede the right of access of incarcerated persons." *Id.* at 1102-03 (citations and internal quotations omitted).

Regardless of which access to courts claim a prisoner brings, he must show actual injury resulting from the denial of access. *Lewis*, 518 U.S. at 349-56 (1996). To establish actual injury, a plaintiff must show "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348; *see also Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing *Lewis*, 518 U.S. at 549) ("[a]ctual injury is a jurisdictional requirement that flows from the standing doctrine and may not be waived").

   2.   <u>Petition for Writ in the Supreme Court</u>

The facts regarding Plaintiff's inability to access out-of-state case law at CBCC are undisputed. The CBCC legal library has a Lexis Nexis electronic kiosk ("kiosk") that contains judicial decisions from the Supreme Court, United States Courts of Appeal and District Courts, and Washington State Court of Appeals and Washington State Supreme Court. Dkt. 24-1, Gonzalez Dec., ¶¶ 4-6. The kiosk also contains United States and Washington State statutes and

1    regulations, as well as secondary sources. *Id.* at ¶¶ 7-12. The kiosk does not, however, contain

2    out-of-state case law. Dkt. 63, ¶¶ 16-17;[4] *see also* Dkt. 79, p. 1.

3    　　　In January and February 2014, Plaintiff attempted to research out-of-state case law using

4    the kiosk. Dkt. 63, ¶ 16. Upon discovering the kiosk did not contain out-of-state case law,

5    Plaintiff submitted kites requesting access to these cases through the kiosk. *See* Dkt. 77-1, Smith

6    Dec., ¶¶ 8-9; Dkt. 77-2, p. 4. In the kites, Plaintiff wrote that he needed to research out-of-state

7    case law to prepare a petition for writ in the Supreme Court. Dkt. 77-1, Smith Dec., ¶¶ 8-9; Dkt.

8    77-2, p. 4. Plaintiff's requests to access out-of-state case law through the kiosk were denied. Dkt.

9    77-1, Smith Dec., ¶¶ 8-9; Dkt. 77-2, p. 4.

10   　　　Thereafter, in April 2014, Plaintiff submitted kites requesting printouts of out-of-state

11   case law through the state supreme court's inter-law library loan program. Dkt. 77-1, Smith Dec.,

12   ¶¶ 10-11; Dkt. 77-2, pp. 6, 8. Plaintiff's requests were again denied and Plaintiff was informed

13   that if he wished to receive out-of-state case law, he must pay for the shipping costs for printouts

14   that could not be obtained electronically. Dkt. 77-1, Smith Dec., ¶¶ 10-11; Dkt. 77-2, pp. 6, 8;

15   *see also* Dkt. 63, pp. 37-49 (related grievances and responses).

16   　　　On June 10, 2014, Plaintiff submitted his petition for writ to the Supreme Court. *See* Dkt.

17   63, ¶ 44; Dkt. 63-3, pp. 8-33. On October 6, 2014, the Supreme Court denied Plaintiff's petition

18   for writ without comment. Dkt. 63-3, p. 35.

19   　　　Plaintiff's access to courts claim as it relates to his petition for writ fails for lack of actual

20   injury. Plaintiff, relying on Supreme Court Rule 10(b) ("Rule 10(b)"), maintains a petitioner

21   ――――――――――――――

22   　　[4] Because Plaintiff is *pro se*, the Court "must consider as evidence in his opposition to summary judgment all of [Plaintiff's] contentions offered in motions and pleadings, where such contentions are based on personal
23   knowledge and set forth facts that would be admissible in evidence, and where [Plaintiff] attested under penalty of perjury that the contents of the motions or pleadings are true and correct." *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

24

REPORT AND RECOMMENDATION - 6

must show a conflict of law for the Supreme Court to grant a petition for writ, and as such, Plaintiff suffered actual injury because he was unable to access out-of-state case law to show such conflict. Dkt. 63, ¶¶ 43-44; Dkt. 77, pp. 17-19. Rule 10 describes some "character of . . . reasons" the Supreme Court may consider when assessing whether to grant a petition for writ. *See* SUP. CT. R. 10. Under to Rule 10(b), one characteristic the Supreme Court may consider is whether:

> a state court of last resort has decided an important federal question in a way that conflicts with the decision of another state court of last resort or of a United States court of appeals[.]

SUP. CT. R. 10(b).

The plain text of Rule 10(b) does not require a petition to show a conflict of law for the Supreme Court to grant a petition for writ; rather, the rule provides that a conflict of law is one characteristic the Supreme Court may consider. *See* SUP. CT. R. 10(b). The text of Rule 10 further cautions that the considerations outlined in the rule are "neither controlling nor fully measuring the Court's discretion[.]" Hence, contrary to Plaintiff's argument, he was not required to show a conflict of law between the state supreme court and other state supreme courts for the Supreme Court to grant his petition for writ. *See* SUP. CT. R. 10.

Moreover, in the brief supporting his petition for writ, Plaintiff argued the Supreme Court should grant his petition to resolve a conflict of law between rules in the state supreme court and the United States Courts of Appeals. Dkt. 63-3, pp. 21-33. The undisputed evidence shows the kiosk at CBCC contains case law from both the state supreme court and the United States Courts of Appeals. Dkt. 24-1, Gonzalez Dec., ¶¶ 5-6. Indeed, the evidence indicates Plaintiff accessed this case law at CBCC, as he discussed and cited such case law in the brief underlying the petition for writ. *See* Dkt. 63-3, pp. 24-32. Accordingly, the evidence shows Plaintiff could

1 access the case law underlying his petition for writ, and is further support that Plaintiff suffered
2 no actual injury.

3     Ultimately, the evidence – viewed in the light most favorable to Plaintiff – does not show
4 Plaintiff's petition for writ was "'lost, rejected, or impeded'" because he was unable to access
5 out-of-sate case law. *See Hathaway v. Cote*, 622 Fed.Appx. 701, 702-03 (9th Cir. 2015) (quoting
6 *Lewis*, 518 U.S. at 353 n.4). Rather, the Supreme Court provided no comment on why it denied
7 Plaintiff's petition for writ. *See* Dkt. 63-3, p. 35. Because the undisputed evidence – even when
8 viewed in the light most favorable to Plaintiff – does not show the Supreme Court denied
9 Plaintiff's petition for writ because of his lack of access out-of-state case law, Plaintiff suffered
10 no actual injury. *See Hathaway*, 622 Fed.Appx. at 702-03 (finding no actual injury in an access
11 to courts claim where the deprivation of a prisoner's legal papers "did not cause his claim" to be
12 dismissed); *Malone v. Washington State*, 2015 WL 9243927, at *4 (W.D. Wash. Nov. 20, 2015)
13 (a prisoner simply alleging that he "may have been able to better articulate [his] case with
14 specific legal materials" is "speculative" and insufficient to show an access to courts violation).

15     In sum, Plaintiff has failed to show there is a genuine issue of material fact on his access
16 to courts claim as it relates to his petition for writ, and the undisputed evidence shows Plaintiff
17 suffered no actual injury to his petition for writ.

18     3. <u>PRP in the Washington Appellate Courts</u>

19     In addition, Plaintiff alleges Defendants violated his right to access courts with respect to
20 his PRP denials in the state court of appeals and state supreme court. *See* Dkt. 63, ¶¶ 40-44; Dkt.
21 77, pp. 4, 9, 14, 18-20.

22     Plaintiff filed a PRP in the state court of appeals on October 16, 2011. *See* Dkt. 63, ¶ 40;
23 Dkt. 63-1, pp. 19-14; Dkt. 63-2, pp. 1-29. The state court of appeals dismissed Plaintiff's PRP.

24

Dkt. 63-2, p. 31. Plaintiff subsequently sought discretionary review of his PRP by the state supreme court on June 11, 2013. *Id.* at 36-50. The state supreme court issued its final decision denying review on April 2, 2014. *Id.* at 51. The state supreme court did not explain why it denied Plaintiff's request for review. *See id.*

Plaintiff's access to courts claim as it relates to his PRP also fails for lack of actual injury. Although Plaintiff asserts he "wish[ed]" to research out-of-state case law to support his PRP, the evidence shows Plaintiff did not "discover[]" the lack of out-of-state case law until early 2014 – three years before he sought PRP review in the state court of appeals and one year before he sought PRP review in the state supreme court. *See* Dkt. 63-3, ¶¶ 16, 41; *see also* Dkt. 77-1, Smith Dec., ¶ 7. Because Plaintiff was not aware of the lack of out-of-state case law at CBCC at the time he filed his PRP, the lack of case law could not have injured his PRP. *See Lewis*, 518 U.S. at 353 n.4 (emphasis in original) (citation omitted) (noting an actual injury must be "*caused by*" the lack of access to courts).

In addition to the causation issues of Plaintiff's claim, this claim as it relates to Plaintiff's PRP fails for further reasons, as well. Plaintiff argues the state court of appeals and state supreme court denied his PRP, and he suffered actual injury, because he "was unable to comply with the procedural requirements of" Washington State Court Rule of Appellate Procedure ("RAP") 13.4(b)(2). Dkt. 77, pp. 18-19; *see also* Dkt. 77-1, Smith Dec., ¶ 15. RAP 13.4(b) provides that the state supreme court will only grant a petition for review:

> (1) If the decision of the Court of Appeals is in conflict with a decision of the Supreme Court; or
> **(2) If the decision of the Court of Appeals is in conflict with a published decision of the Court of Appeals;** or
> (3) If a significant question of law under the Constitution of the State of Washington or of the United States is involved; or
> (4) If the petition involves an issue of substantial public interest that should be determined by the Supreme Court.

WASH. R. APP. P. 13(b) (emphasis added).

The plain text of RAP 13.4(b)(2) provides that the state supreme court may grant a petition for review if the state court of appeals' decision conflicted with another state court of appeals' decision. WASH. R. APP. P. 13(b)(2). Hence, contrary to Plaintiff's argument, RAP 13.4(b)(2) does not require out-of-state case law.[5]

Plaintiff similarly argues he suffered actual injury because the state court of appeals and state supreme court "rely on" out-of-state court decisions. Dkt. 63, ¶ 44 (citing *State of Washington v. Albarran*, 187 Wash.2d 15 (2016); *Parmelee v. O'Neel*, 145 Wash.App. 223 (2008)). However, merely because the state court of appeals and state supreme court sometimes reference out-of-state court decisions does not show Plaintiff's PRP would have resulted in a different outcome had he been able to access to out-of-state case law. Thus, this argument fails as well. *See Exmundo v. Kevorkian*, 2009 WL 3416236, at *3 (E.D. Cal. Oct. 22, 2009) (the inability to litigate an action as one desires "does not constitute an access claim," as it is indicative of "litigation strategy . . . not denial of access"). In sum, the evidence does not show Plaintiff suffered any actual injury to his PRP due to his inability to access out-of-state case law.

4. Conclusion

For the above stated reasons, the Court finds no genuine issue of material fact exists regarding Plaintiff's allegations on his inability to access out-of-state case law at CBCC. The undisputed evidence shows Plaintiff did not suffer any actual injury to his petition for writ or

---

[5] The Court also notes it is undisputed that Plaintiff had access to the case law contemplated in RAP 13.4(b)(2) – i.e., decisions from the state court of appeals. Dkt. 24-1, Gonzalez Dec., ¶ 6.

PRP. Accordingly, the Court recommends granting Defendants' Motion on Plaintiff's access to courts claim.[6]

C. *State Law Claims*

Next, Defendants argue the Court should decline to exercise supplemental jurisdiction on Plaintiff's claims that Defendants violated the Washington State Constitution and committed negligence against him. Dkt. 75, p. 7.

A district court has discretion over whether to exercise supplemental jurisdiction over state law claims arising from the same set of operative facts that supports a federal claim. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40 (2009) (citing 28 U.S.C. §§ 1367(a), (c)). Ordinarily, when a district court dismisses "all claims independently qualifying for the exercise of federal jurisdiction," it will dismiss all related state claims, as well. *Artis v. District of Columbia*, 583 U.S. ----, 138 S.Ct. 594, 597-98 (citing 28 U.S.C. § 1367(c)) (2018); *see also Carlsbad Tech.*, 556 U.S. at 639-40. Although the court is not required to dismiss the supplemental state law claims, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, fairness, convenience, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

In this case, the Court recommends granting Defendants' Motion on Plaintiff's only federal claim. As none of the factors under the pendent jurisdiction doctrine support exercising

---

[6] Defendants further argue the Court should grant the Motion because Defendants are entitled to qualified immunity. Dkt. 75, pp. 8-9. However, because the Court recommends granting the Motion due to lack of a constitutional violation, the Court declines to consider this argument.

REPORT AND RECOMMENDATION - 11

1  supplemental jurisdiction, the Court recommends declining supplemental jurisdiction over

2  Plaintiff's state law claims and dismissing those claims without prejudice.[7]

## CONCLUSION

Based on the foregoing, the Court concludes the evidence, viewed in the light most favorable to Plaintiff, shows no genuine issues of material fact exist on Plaintiff's access to courts claim. As such, none of the pendent jurisdiction factors support exercising supplemental jurisdiction over Plaintiff's state law claims. Therefore, the Court recommends Defendants' Motion (Dkt. 75) be granted and this case be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on August 31, 2018, as noted in the caption.

Dated this 16th day of August, 2018.

David W. Christel
United States Magistrate Judge

---

[7] Regardless of whether the Court exercises supplemental jurisdiction, Defendants also argue Plaintiff failed to state a claim on his state law claims. Dkt. 75, pp. 7-8. Therefore, even if the Court considered this additional argument from Defendants, any dismissal would be without prejudice and Plaintiff would have a right to refile these claims.